Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel, Esq. (SBN 312199)
ftrechsel@donigerlawfim.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPE CLASP, LLC, a Massachusetts Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE GENIUS, LLC d/b/a PURA VIDA, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: '23CV1194 H    MSB<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>Jury Trial Demanded |

Plaintiff, Cape Clasp, LLC ("Cape Clasp"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Cape Clasp is a Massachusetts-based jewelry design firm that uses marine life as inspiration for its jewelry designs. Cape Clasp is a purpose driven company that partners with marine life organizations for each of its designs, donating 15% of its profits to these partner organizations. Cape Clasp has built up significant

1
COMPLAINT

goodwill in its jewelry and its business through its unique products and charitable partnerships.

2. Cape Clasp brings this claim to seek relief, damages, and attorneys' fees stemming from Defendant's acts of infringement in violation of the Copyright Act of the United States.

3. Defendant Creative Genius, d/b/a "Pura Vida" (collectively "Pura Vida"), unlawfully copied, reproduced, advertised, sold, and distributed Cape Clasp's original jewlery design on its website *https://www.puravidabracelets.com* and through partnerships with the Discovery Channel and others.

4. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Cape Clasp is a Massachusetts Limited Liability Company with its principal address at 474 Woods Hole Road, Falmouth, Massachusetts 02543.

9. Cape Clasp is informed and believes and thereon alleges that Pura Vida is a Delaware Limited Liability Company with its principal address at 7979 Ivanhoe Avenue, Suite 400, La Jolla, California 92037 and is doing business within the state of California.

///

10. Cape Clasp is informed and believes and thereon alleges that at all times relevant hereto, Defendants Does 1 through 5, inclusive, are manufacturers and/or vendors of jewelry to Pura Vida, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying jewelry comprised of Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants Does 1 through 5, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants Does 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants Does 6 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Pura Vida and Defendants Does 1 through 10 (collectively, "Defendants"), and each of them, were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every

violation of Cape Clasp's rights and the damages to Cape Clasp proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S JEWELRY DESIGN

13. Cape Clasp created and owns all rights in the original jewelry design, depicted in **Exhibit A** attached hereto (the "Subject Design").

14. Cape Clasp complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Design, which Cape Clasp has registered with the United States Copyright Office.

15. Prior to the acts complained of herein, Cape Clasp publicly displayed, produced, sold, and distributed the Subject Design through its website *https://www.capeclasp.com*.

16. Defendants have willfully advertised, sold, and distributed Cape Clasp's Subject Design for financial benefit by, without limitation, reproducing the Subject Design online for commercial benefit, including without limitation at its website *https://www.puravidabracelets.com* which is owned and operated by Pura Vida. True and correct copies and screen captures of Defendants' unauthorized use are depicted in **Exhibit B** attached hereto ("Infringing Use"). These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

17. A comparison of the Subject Design with the corresponding images of the Infringing Use reveals that the elements, shape, colors, technical and creative details, angle, and overall appearance of the designs are identical or at least substantially similar.

18. Upon information and belief, Cape Clasp alleges that Defendants had access to the Subject Design, including through Cape Clasp's webpage *https://www.capeclasp.com*, its numerous online profiles, online publications, and press featuring Cape Clasp's work.

19. Cape Clasp has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

20. On August 11, 2021, Cape Clasp, sent Pura Vida a copyright infringement notice and Cease and Desist of the unauthorized use of Cape Clasp's copyrighted work. Pura Vida has failed to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement)

21. Cape Clasp repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Upon information and belief, Cape Clasp alleges that Defendants accessed the Subject Design by, without limitation, viewing the Subject Design as it was publicly displayed on their website at *htttps://www.capeclasp.com*. Access is additionally evidenced by the Subject Design's exact reproduction in the Infringing Use seen below.

23. Upon information and belief, Cape Clasp alleges that Defendants willfully copied, reproduced, advertised, displayed, and sold for financial benefit the Subject Design as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

24. Upon information and belief, Cape Clasp alleges that Defendants infringed Cape Clasp's copyrights by creating infringing derivative works from the Subject Design and publishing the same to the public.

25. Due to Defendants' acts of infringement, Cape Clasp has suffered actual, general, and special damages in an amount to be established at trial.

///

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Cape Clasp's rights in the Subject Design. As such, Cape Clasp is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of thier rights in the Subject Design in an amount to be established at trial.

27. Cape Clasp is informed and believes and thereon alleges that Defendants', conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202)

28. Cape Clasp repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

29. The Subject Design was routinely published without attribution, credit, and other copyright management information identifying Cape Clasp as the author.

30. Upon information and belief, Cape Clasp alleges that Defendants removed Cape Clasp's copyright management information, as described above, from the Subject Design, and/or added false copyright management information to the Subject Design on the Infringing Use.

31. Upon information and belief, Cape Clasp alleges that Defendants distributed and published the Subject Design on website, having removed Cape Clasp's attribution information, including without limitation their name and/or metadata.

32. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

33. When Defendants distributed and published the Subject Design, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e. That Defendants be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 27, 2023        By:  */s/ Scott Alan Burroughs*
                                 Scott Alan Burroughs, Esq.
                                 DONIGER / BURROUGHS
                                 *Attorney for Plaintiff*